IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| POWERVAR, INC. t/a AMETEK POWERVAR : | |
| : | CIVIL ACTION |
| v.                              : | |
| : | NO. 20-5908 |
| POWER QUALITY SCIENCES, INC.   : | |
| ET AL.                          : | |

**MEMORANDUM**

**SURRICK, J.**                                                                              **MARCH 16, 2021**

In this breach of contract action, Defendants Power Quality Sciences, Inc. ("PQS") and Derek Sweat seek to supplement their motion to dismiss Plaintiff AMETEK Powervar's Amended Complaint to add the argument that the case should be dismissed for improper venue. (ECF No. 15.) Federal Rule of Civil Procedure 12(g) bars successive or serial motions raising "a defense or objection that was available to the party but omitted from its earlier motion." Because Defendants waived the improper venue argument by failing to raise it in their earlier motion to dismiss, and because venue in the Eastern District of Pennsylvania is nevertheless proper, Defendants' Motion to Supplement will be denied.

**I.     BACKGROUND**

Plaintiff AMETEK Powervar is company that designs, manufactures, and distributes power supply equipment. (Am. Compl. ¶ 2, ECF No. 8.) Plaintiff and Defendants entered into a Sales Representative Agreement, under which PQS and Sweat, who is the sole owner of PQS, solicited and sold AMETEK Powervar products to customers in exchange for a commission. (*Id.* ¶¶ 9-13.) The Agreement explicitly requires that any action to enforce the Agreement be brought in Pennsylvania state or federal court. (2017 Sales Agreement § 9.11, Am. Compl. Ex. B.)

Due to a restructuring of its sales operations in 2019, AMETEK Powervar terminated its contract with PQS/Sweat.  (*Id.* ¶ 19.)  Pursuant to their Agreement, AMETEK Powervar agreed to pay PQS/Sweat post-termination commissions for one year so long as PQS/Sweat did not disclose confidential AMETEK Powervar information and did not sell products or solicit orders of products that directly competed with AMETEK Powervar.  (*Id.* ¶¶ 21-22.)  After paying PQS/Sweat over $413,000 in post-termination commissions, AMETEK Powervar learned that PQS/Sweat sold a competitive product to an AMETEK Powervar customer, in violation of the Sales Representative Agreement.  (*Id.* ¶¶ 27-32.)

As a result, Plaintiffs filed this lawsuit, asserting claims for breach of contract of the Sales Representative Agreement and for preliminary and permanent injunctive relief.  Defendants each moved to dismiss Plaintiff's Amended Complaint, contending that Plaintiffs failed to state a claim pursuant to Rule 12(b)(6) and that the Court lacked jurisdiction over Sweat pursuant to Rule 12(b)(5).  (ECF Nos. 9, 10.)  Neither motion raised the argument that the Eastern District of Pennsylvania was an improper venue pursuant to Rule 12(b)(3).[1]  Plaintiff filed a response in opposition to each Defendant's motion.  (ECF Nos. 13, 14.)  Before the Court could rule on Defendants' motions to dismiss, Defendants jointly filed this Motion to Supplement.  (Mot. Supp., ECF No. 15.)  Defendants request that the Court permit them to supplement their motions to dismiss to add their improper venue argument.

---

[1] The case originated in the Court of Common Pleas of Chester County, and was removed to this Court.  (ECF No. 1.)  After Defendants filed motions to dismiss the original Complaint (ECF Nos. 4, 5), Plaintiff filed the Amended Complaint, which mooted the earlier motions to dismiss.  Defendants never raised improper venue in the earlier motions to dismiss.

**II.     DISCUSSION**

Defendants argue that the Court has discretion to allow a party to supplement a Rule 12(b) motion to include otherwise waivable defenses.  According to Defendants, because the Court has not ruled on their separate motions to dismiss and Plaintiff has not responded to their venue arguments, there is no threat of piecemeal motion practice or prejudice to Plaintiff.  Plaintiff responds that Defendants waived the defense of improper venue when they failed to raise it in their motions to dismiss.

Federal Rule of Civil Procedure 12(b)(3) allows a party to assert a defense for improper venue.  However, Rules 12(g) & 12(h) make clear that improper venue is waived if it is not timely raised.  Rule 12(g)(2) specifically states that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."  Fed. R. Civ. P. 12(g)(2).  Under Rule 12(h)(1), a defendant waives the defense of improper venue by:

> (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or
> (B) failing to either:
> > (i) make it by motion under this rule; or
> > (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

Fed. R. Civ. P. 12(h)(1).

Rule 12(g)(2), which is known as "the consolidation rule" is "intended to eliminate unnecessary delay at the pleading stage by encouraging the presentation of an omnibus pre-answer motion in which the defendant advances every available Rule 12 defense simultaneously rather than interposing these defenses and objections in piecemeal fashion." *Leyse v. Bank of Am. Nat. Ass'n*, 804 F.3d 316, 320 (3d Cir. 2015) (citation and internal quotation marks omitted); *see also Myers v. Am. Dental Ass'n*, 695 F.2d 716, 720 (3d Cir. 1982) ("Such a rule reflects a

3

strong policy against tardily raising defenses that go not to the merits of the case but to the legal adequacy of the initial steps taken by the plaintiff in his litigation, namely his service of process on the defendant and his choice of forum for the action."); Fed. R. Civ. P. 12(g), (h) advisory committees notes to 1966 amendment (stating that the purpose of requiring all defenses to be listed in one pleading is to prevent "piecemeal consideration of a case" and to "allow the court to do a reasonably complete job" assessing the threshold defenses of a party).

Accordingly, the interplay of Rules 12(g) and 12(h) requires "a party who raises a defense by motion prior to answer to raise all such possible defenses in a single motion." *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 720 (3d Cir. 1982). The defenses "cannot be raised in a second, pre-answer motion." *Id.* Based on these Rules, Defendants are barred from raising the defense of improper venue. Defendants could have raised a defense of improper venue at the outset of this litigation but failed to do so. Defendants have waived their right to raise improper venue as a basis for dismissal now. The fact that the Court had not ruled on Defendants' motion to dismiss is of no consequence. Defendants' piecemeal pre-Answer motion practice required Plaintiff to respond to different arguments in different pleadings. Plaintiff was not afforded the opportunity to respond to defenses and objections with a complete understanding of Defendants' positions. This illustrates precisely what Rule 12(g)(2) and Rule 12(h)(1) were designed to protect.

Accordingly, Defendants' motion is denied.[2]

---

[2] Even if we were to permit Defendants to supplement their motions to dismiss and raise the argument of improper venue, venue in this District is not a basis to dismiss the Amended Complaint. Plaintiff's claims center on the Sales Representative Agreement. That Agreement contains a forum-selection clause requiring that "[a]ny action or claim brought by either party under this Agreement . . . be brought in the appropriate state or federal court of the Commonwealth of Pennsylvania." (2017 Sales Agreement § 9.11.) The parties also agreed to "irrevocably waive" any objections to venue in Pennsylvania. (*Id.*)

### III.     CONCLUSION

For the reasons stated above, Defendants' joint Motion to Supplement will be denied.

An appropriate Order follows.

BY THE COURT:


*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**

---

"[A] valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for the Western Dist. of Texas*, 571 U.S. 49, 60 (2013).  A forum selection clause is "presumptively valid" and must be enforced absent a showing that "enforcement of the clause would violate a strong public policy of the forum." *In Re Exide Tech.*, 544 F.3d 196, 218 n. 15 (3d Cir. 2008) (citations omitted). Defendants do not contest the validity of the forum-selection clause.  Instead they contend that the events giving rise to the dispute did not occur in Pennsylvania but in Georgia, where Sweat is domiciled and where PQS is incorporated.  The forum-selection clause is dispositive of venue and jurisdiction.

5